JOHN O'BRIEN, RESPONDENT, *v.* DAVID R. GARNISS, APPELLANT.

*Action to obtain a construction of a will and have a trust adjudged void — what may be interposed by the trustee as a counter-claim.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at a Special Term.

The action was brought to obtain a construction of the last will and testament of one Martin Walsh, and to have the title and right of possession of certain lands therein devised adjudged to be in the plaintiff. The defendant was a trustee (appointed by the court after the refusal of the trustees named in the will to act as such) of certain trusts declared in the will. He set up in substance that he was such a trustee, duly appointed and authorized to execute the trusts of the will, and that the acts charged against him were done by him as such trustee, and as a counter-claim alleged in substance that the plaintiff, in violation of his rights as such trustee, had unlawfully collected divers rents arising out of the trust property and converted the same to his own use and refused to account therefor. And he prayed as affirmative relief for a judgment in his favor against the

plaintiff for the rent so collected, and in effect that the trusts of the will and the rights thereunder be adjudicated in his favor. The plaintiff replied to the alleged counter-claims, putting the same in issue.

At the time of the testator's death the plaintiff was in possession of the house described in the will as No. 307 Mott street, and continued such possession, receiving and collecting the rents for his own use. The defendant after his appointment as such trustee served notice of such appointment upon the plaintiff and the tenants in occupancy of No. 307 Mott street, and claimed the possession and rents of such premises and forbade the payment thereof to plaintiff. He also threatened and instituted or interfered with summary proceedings against tenants for non-payment of rent, and in short claimed and sought to enforce his claim that he was as trustee entitled to the control of the property and to the rents thereof.

Upon the trial the defendant proved his appointment as trustee by this court and made divers offers to show the facts alleged in the answer as to the collecting of the rents by plaintiff of No. 307 Mott street, and also the collecting of the rents of lot No. 309 Mott street described in the will and devised in trust for certain minor grand-nieces of the testator. Everything was excluded by the court on the ground that the matters alleged and offered were not the subject of a counter-claim. The defendant duly excepted.

The court at General Term said : " We think the court erred in the view taken of the action and of the rights of the defendant thereunder. It was tried as though it were an action of trespass at law or on the case for wrongfully interfering with the plaintiff's tenants, but this was neither the object nor scope of the action.

The defendant was brought into a court of equity upon a complaint setting forth the will of the testator, the probate of the same, the appointment of plaintiff to be executor, the appointment of defendant as trustee of the several trusts created or attempted to be created by the will, the allegation of the invalidity of the trusts in relation to No. 307 Mott street, the several acts of the defendant claiming that property as trustee and asking for an adjudication construing the will and declaring the trust void as to said No. 307 Mott street, and that plaintiff took the absolute title of the same under the will in fee, and was entitled to the possession

and rents of the same. The trustee was at liberty in such an action to invoke a construction of the will in respect of all the trusts, and to have his rights and duties ascertained and declared by the court, and to pursue the plaintiff by seeking any remedy against him to which a full construction of the trusts and of other facts touching the acts of the plaintiff in relation to the trust property alleged in the counter-claim should entitle him in the judgment of the court. His answer was sufficient for that end, and there was no need to turn him over to another suit for a determination of his rights and duties, and the enforcement of such portion of the trusts as might be held valid as against the plaintiff, and an accounting for moneys received by him which belong legally to the defendant as such trustee. The language of the Code of Civil Procedure (§ 501) is abundantly broad to cover such a case :

" 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Here the subject of the action is the construction of the will and the validity of the trust under which defendant assumes to act, and the object is to declare the trust void, and the plaintiff takes title by devise free from the trust ; and the counter-claim seeks to establish the trusts, and to compel an accounting to the trustee for moneys alleged to have been collected by the plaintiff in hostility to the trusts, both as they affect the property claimed by plaintiff and other property embraced in the language of the trust, in which plaintiff asserts no personal interest, but the rents of which he is alleged to have received and converted to his own use. That this counter-claim and relief are connected with the subject of the action within the meaning of the Code cannot admit of doubt.

It was error, therefore, not to have proceeded with the trial, as one asserting a counter-claim which might have established the validity of the trust as to one of the parcels of the property, and the liability of plaintiff to account to defendant for the moneys he should be shown to have received from that, while it, at the same time, might declare the trust affecting the property claimed by him to be invalid, and that he was entitled to keep the rents he had received from that.

If other parties were proper or necessary to the disposition of the

counter-claim the court could order them brought in, or could have reserved their rights, and no objection was made on such a ground."

*Thomas Bracken*, for the appellant.

*A. R. Dyett*, for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.